IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DENEEN RENEE KNUCKLES EL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:08CV151 |
| INTERNAL REVENUE SERVICE, | ) | |
| AND JOHNSON CONTROLS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motion of Defendants United States of America and Internal Revenue Service ("United States") to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim [docket no. 17]. Plaintiff has responded to the motion and the matter is ripe for disposition. Furthermore, the parties have not consented to the jurisdiction of the magistrate judge. The motion must therefore be dealt with by way of recommendation. For the following reasons, it will be recommended that the United States' motion to dismiss be granted.

**I. Background**

The pro se complaint in this case shows that Plaintiff is an employee of Johnson Controls, Inc. ("JCI"). Plaintiff apparently claims exemption from federal income taxation based upon her status as Washitaw Naga Moor. (Compl. 18.) According to allegations in the complaint, by letters dated March 15, 2007, and February 2, 2008, the Internal Revenue Service ("IRS") instructed JCI that Plaintiff

was "not entitled to claim a complete exemption from withholding" and that JCI should "withhold tax from [Plaintiff's] salary using the computations for someone who is single with no additional withholding allowances and to disregard the marital status and/or withholding allowances or claim to complete exemption from withholding . . . ." (Compl. 8.) In addition, Plaintiff alleges that the IRS issued a Notice of Levy to JCI on March 14, 2008, and that JCI turned over $3,912.20 to the IRS pursuant to the levy. (*Id.*) Plaintiff also alleges that the IRS issued another Notice of Levy to JCI on February 4, 2008, indicating a total amount due of $32,108.79. (Compl. 9.)[1] On March 5, 2008, Plaintiff commenced this action by filing a complaint, petition for preliminary injunction, and petition for writ of mandamus against all Defendants, alleging wrongful levy of taxes and, as to the United States, seeking to "compel the IRS to vacate their presentments of demand for any and all notices of tax lien associated with this matter." (Compl. 12.)[2]

## II. Standard of Review

---

[1] On May 1, 2008, Plaintiff filed a copy of another IRS Notice of Levy addressed to JCI, dated April 17, 2008, and showing a total amount due of $26,828.31. In a handwritten notation on this Notice, Plaintiff wrote: "In its entirety I hereby refute and invalidate this presentment, without dishonor. I do not owe this." [Docket No. 15].

[2] JCI also filed a motion to dismiss. On May 20, 2008, this court recommended that JCI's motion to dismiss for failure to state a claim be granted [docket no. 20].

2

As noted, Defendant United States has moved for dismissal pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim for which relief can be granted.

Under Rule 12(b)(1), the party seeking to invoke the jurisdiction of a federal court - Plaintiff here - bears the burden of establishing that the court has jurisdiction. See *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). In determining whether jurisdiction exists, the district court is to regard the allegations in the pleading as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, not to have the court decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will

3

give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978). This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). As the Supreme Court has recently instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (internal quotations and alteration omitted).

**III. Analysis**

Plaintiff's claim against the United States and the IRS is vague, disjointed and mostly nonsensical. The complaint is filled with legal terms, such as "fraud ab initio," "duress," "malfeasance of office under color of law," "unalienable rights," and "material misrepresentation." And, Plaintiff's legal arguments are largely incomprehensible. She asks this court to "[c]ompel the IRS to vacate their presentments of demand, as well as, immediately issue a certificate of release for any and all notices of federal tax lien associated with this matter." (Compl. 12.) She further requests that this court "compel the IRS to Refund . . . all funds levied including interest and any applicable penalties for time that I was deprived of its use." (Compl. 17.) Plaintiff also seeks damages in the amount of $1,000,000

4

because her "natural right to acquire property was inhibited and violated." (Compl. 15.)

To the extent that Plaintiff seeks recovery through the common law theory of replevin, her claim is without merit. *See Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2ᵈ Cir. 1975). Under federal law, replevin is inapplicable to property obtained in accordance with the federal tax laws. *See* 28 U.S.C. § 2463 (2005) ("All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof.").[3]

Plaintiff's claim can fairly be read as one for a refund of taxes paid. The Internal Revenue Code establishes the right to and procedures for such an action. Section 7422, governing suits for refund of taxes wrongfully collected, provides:

---

[3] Plaintiff does not specifically use the term "replevin" in her complaint. As pointed out by the United States, however, Plaintiff seeks the return of some unspecified property that the IRS seized from Plaintiff while engaged in collection activity. By Plaintiff's own account, this action is based on the IRS' "improperly executed assessment authority" while engaged in collection activity regarding Plaintiff. (Compl. at 4). Moreover, the term "replevin" is defined generally as "[a]n action for the repossession of personal property wrongfully taken or detained by the defendant." BLACK'S LAW DICTIONARY 1325 (8th ed. 2004). Thus, the only plausible reading of Plaintiff's complaint, drawing all inferences in Plaintiff's favor, is that Plaintiff seeks the return of some unidentified property - money or some other item with monetary value - that the IRS took possession of in the course of engaging in tax collection activity. This is no different from seeking a refund of a "sum alleged to have been . . . wrongfully collected" within the meaning of section 7422(a). Hence, it is within section 7422 and subject to the requirement to file an administrative claim for refund with the Secretary of the IRS.

5

Case 1:08-cv-00151-TDS-WWD   Document 29   Filed 08/11/08   Page 5 of 12

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (2008). Plaintiff clearly seeks a refund of monies paid to the IRS under various levy notices. The plain language of section 7422, therefore, broadly precludes the exercise of jurisdiction over any suit where recovery of a tax is sought unless an administrative claim for refund has been filed. *Id.*; *see Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998) ("It is well-established that the IRC provides the exclusive remedy in tax refund suits and thus preempts state-law claims that seek tax refunds.").

Plaintiff does not allege that she has submitted an administrative claim for refund. Her failure to make a showing that she has filed such a claim requires dismissal of this action for lack of subject matter jurisdiction. *See Comm'r v. Lundy*, 516 U.S. 235, 240 (1996) (recognizing that section 7422(a) "make[s] timely filing of a refund claim a jurisdictional prerequisite to bringing suit").

Morever, federal courts are courts of limited jurisdiction, with the United States being itself immune from suit absent its express consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). While the Federal Tort Claims Act ("FTCA") does provide a limited remedy against the United States and waives the sovereign immunity of the United States for specified claims, a suit under the FTCA must be brought against

6

the United States. *See Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2$^d$ Cir. 1975). That is to say, the FTCA does not authorize suits directly against federal agencies. *Id.* Moreover, the FTCA waives sovereign immunity for tort claims against the United States, but not with respect to "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c) (2008). In enacting 28 U.S.C. § 2680(c), "Congress intended to insulate the IRS from tort liability stemming from any of its revenue-raising activities." *Capozzolli v. Tracey*, 663 F.2d 654, 657 (5th Cir. 1981). In the present case, Plaintiff appears to be alleging that Defendant United States engaged in improper activities in connection with the assessment and collection of taxes. Consequently, section 2680(c) prohibits Plaintiff from recovering in tort against Defendant.

The United States also contends that the relief sought by Plaintiff - an injunction to "stay and/or quash implementation of the instant unlawful levy action" and to "[c]ompel the IRS to vacate their presentments of demand" - is barred under the Anti-Injunction Act. This court agrees. The Anti-Injunction Act, 26 U.S.C. § 7421, provides, in relevant part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Section 7421 lists a number of exceptions to the bar it imposes, but none is applicable here. "The manifest purpose of [section] 7421(a) is to permit the United States to assess and collect taxes alleged to be due without

7

judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962); *see also Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-37 (1974). The Fourth Circuit has said that the effect of the Anti-Injunction Act is "simple and obvious: courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes." *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 405 (4th Cir. 2003).

The U.S. Supreme Court has allowed a narrow exception to the bar of the Anti-Injunction Act. *See Enochs*, 370 U.S. at 7; *see also United States v. Am. Friends Serv. Comm.*, 419 U.S. 7, 10 (1974). For the exception to apply, a party seeking to enjoin the collection of federal taxes must demonstrate (1) that "under the most liberal view of the law and the facts, the United States cannot establish its claim"; (2) that collection of the taxes would cause irreparable harm; and (3) that there is no alternative remedy available. *Enochs*, 370 U.S. at 7. Otherwise, the only route available to challenge allegedly wrongful withholding is to commence a suit for a tax refund. *See id.* The pleadings here fail to clearly demonstrate (1) that the United States could not ultimately prevail under any circumstances with respect to the taxes in issue and (2) that equity jurisdiction otherwise exists - that is, that Plaintiff would suffer irreparable harm and that she has no alternative remedy available.

Plaintiff fares no better under the Mandamus Act. The Mandamus Act states that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. It is broadly recognized that a request for relief in the nature of mandamus is no different from a request for a mandatory injunction. *See Swan v. Clinton,* 100 F.3d 973, 976 n.1 (D.C. Cir. 1996) ("a request for an injunction based on the general federal question statute is essentially a request for a writ of mandamus in this context, where the injunction is sought to compel federal officials to perform a statutorily required ministerial duty"); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1236 (10th Cir. 2005) (observing that relief in the nature of mandamus and an injunction ordering the federal government to take action often are "interchangeable"). Hence, courts have held that the Anti-Injunction Act also precludes relief in the nature of mandamus where plaintiffs have simply cloaked an action for an injunction against the collection of taxes as a mandamus action. *See Souther v. Mihlbachler*, 701 F.2d 131, 132 (10th Cir.1983) (holding that, "[a]lthough denominated a mandamus action, the petition seeks to enjoin the collection of taxes assessed against the petitioner," and thus the Anti-Injunction Act precluded suit); *Dickens v. United States*, 671 F.2d 969, 972 (6th Cir.1982) ("Although the plaintiffs attempt to cloak [their] lawsuit as an action in the nature of mandamus the action is actually tantamount to an action for an injunction to restrain an assessment of taxes and therefore falls within the bar of [the

9

Anti-Injunction Act].") (internal quotations omitted); *Horejs v. Rubin*, No. 98-1011, 2000 WL 1039478, at *4 (D.D.C. Mar. 31, 2000) ("The Anti-Injunction Act applies with equal force to petitioners' request for mandamus. Though petitioners' mandamus request does not explicitly seek to prevent the Secretary from collecting the taxes that have been assessed, petitioners' allegations 'leave little doubt that a primary purpose of this lawsuit is to prevent the [IRS] from assessing and collecting income taxes.' ") (quoting *Bob Jones Univ. v. Simon*, 416 U.S. 725, 738 (1974)). Accordingly, the court will recommend dismissal of Plaintiff's claim insofar as it is based on the Mandamus Act.[4]

Finally, this court cannot ignore the fact that the allegations in Plaintiff's complaint are totally implausible, frivolous and devoid of merit. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (observing that a district court may dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the

---

[4] Even if the request for mandamus relief were not barred by the Anti-Injunction Act, the court would dismiss the mandamus claim for failure to state a claim upon which relief can be granted. Mandamus is a drastic remedy, to be invoked only in extraordinary situations. *See Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976); *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). A plaintiff may invoke the federal court's extraordinary power to issue a writ of mandamus only by proving the co-existence of three elements: (1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available. *Estate of Michael ex rel. Michael v. Lullo*, 173 F.3d 503, 512-13 (4th Cir. 1999). Even if a plaintiff satisfies all three elements, whether the extraordinary remedy of mandamus should issue remains discretionary. *Id.* Here, Plaintiff has failed to allege a clear and compelling duty to act; the laundry list of statutes and regulations in the complaint fails to indicate the specific duty Plaintiff believes the United States should be ordered to implement; Plaintiff has failed to demonstrate a clear right to the relief sought; and she has adequate remedies available through a refund action under 26 U.S.C. § 7422 and an action for damages under 26 U.S.C. § 7433.

allegations of the complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion"). Likewise, Plaintiff's memorandum of law in opposition to the United States' motion to dismiss fails to address any of the substantive grounds upon which the United States relied in its motion. Instead, Plaintiff makes various incomprehensible arguments using boilerplate language challenging her underlying tax liability and the federal income tax collection system.[5] Accordingly, the court will recommend dismissal of the action pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6).

## IV. Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that the motion of Defendants United States and Internal Revenue Service to dismiss for lack of

---

[5] As noted by the United States, Plaintiff's memorandum cites, and in some places copies verbatim, materials from two "tax defier" websites, www.losthorizons.com and www.citizensoftheamericanconstitution.org. Generally, tax defiers contend that, for various reasons, the federal income tax laws do not apply to them. Indeed, one such argument was asserted by Plaintiff, *i.e.*, that the payment of income taxes is "voluntary." Plaintiff would do well to consider the following language from the Second Circuit Court of Appeals: "To the extent that income taxes are said to be 'voluntary,' however, they are only voluntary in that one files the returns and pays the taxes without the IRS first telling each individual the amount due and then forcing payment of that amount. The payment of income taxes is not optional, however, . . . and the average citizen knows that the payment of income taxes is legally required." *United States. v. Schiff*, 876 F.2d 272, 275 (2nd Cir. 1989) (internal citations omitted).

subject matter jurisdiction and for failure to state a claim be **GRANTED** and that this action be dismissed with prejudice.

                                                                                   WALLACE W. DIXON
                                                                                  United States Magistrate Judge

August 11, 2008